IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL CLEMENS,

    Plaintiff,

v.   CASE NO.

UNIVERSAL SERVICES OF AMERICA, LLC
d/b/a, ALLIED UNIVERSAL

    Defendant.

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MICHAEL CLEMENS brings this action for disability discrimination and other relief against Defendant, UNIVERSAL SERVICES OF AMERICA, LLC d/b/a, ALLIED UNIVERSAL and alleges and states as follows:

### INTRODUCTION

This is an action for disability discrimination, and wrongful termination under the Americans with Disabilities Act of 1990, as amended, and applicable state statutes. Plaintiff seeks damages for lost wages, emotional distress, and out-of-pocket losses.

## JURISDICTION

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, as this case arises under federal law, specifically the Americans with Disabilities Act of 1990, as amended. ("ADA")

## VENUE

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## CONDITIONS PRECEDENT

1. Plaintiff has satisfied all conditions precedent to the filing of this lawsuit. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC), Charge No. 510-2024-09747 See **Exhibit "A"** attached hereto.

2. On or about July 23, 2025, the EEOC issued Plaintiff a Dismissal of Charge and Notice of Right to Sue. See **Exhibit "B"** attached hereto. This Complaint has been filed within 90 days of receipt of that notice.

3. Plaintiff has fully complied with all prerequisites required for this Court to possess jurisdiction.

## PARTIES

4. Plaintiff is a resident of Charlotte County, Florida.

5. Defendant is a corporation with its principal place of business in Pennsylvania.

## FACTS

6. Plaintiff was employed by Defendant for approximately six years and was terminated in July 2024.

7. Upon being hired in 2017, plaintiff informed Defendant that he was a disabled combat veteran.

8. Plaintiff is a qualified individual with a disability under the ADA.

9. Plaintiff alleges disability discrimination, failure to accommodate, retaliation, and wrongful termination.

10. In December 2023, Plaintiff's position was moved from a fully approved remote position in Port Charlotte, Florida to an in-office position in Camden, NJ, which he could not accommodate due to a disability recognized by the U.S. Dept. of Veterans Affairs.

11. Plaintiff submitted a reasonable accommodation request, which was not forwarded to HR.

12. Defendant changed Plaintiff's role to require 75% travel, incompatible with his disability.

13. Plaintiff applied for 11 internal positions but was not considered; Defendant hired a replacement.

14. Defendant held a company-wide EEOC training citing Plaintiff's circumstances as an example of "what not to do".

## DISCRIMINATORY ACTIONS

15. Defendant failed to process Plaintiff's accommodation request in a timely manner.

16. Defendant altered Plaintiff's job requirements to include extensive travel, knowing it was incompatible with his disability.

17. Defendant ignored Plaintiff's applications for internal positions and hired a replacement for the Plaintiff.

18. Plaintiff's supervisor never turned Plaintiff's request for accommodation over to HR for consideration.

19. Defendant terminated the Plaintiff based upon his inability to perform the change in job duties due to his disability.

20. Defendant used Plaintiff's situation in training as a negative example, evidencing retaliatory conduct.

## COUNT I
## Disability Discrimination under the ADA

Plaintiff incorporates by reference the allegations in paragraphs 1 through 19 as if fully set forth herein.

21. Defendant discriminated against Plaintiff on the basis of his disability in violation of the ADA by changing the requirements of his job and failing to accommodate his disability, either by changing the job requirements or by finding another internal position for him.

22. Defendant failed to provide reasonable accommodation for Plaintiff's disability in violation of the ADA.

23. Defendant failed to conduct an individualized assessment of the Plaintiff's restriction and his specific work duties and location.

24. Defendant failed to reassign the Plaintiff to an alternative worksite.

25. As a result of the Defendant's wrongful actions, the Plaintiff suffered lost wages, loss of future wages, emotional distress, and out-of-pocket expenses.

26. Additionally, the Plaintiff has been required to hire the undersigned counsel and pay said counsel reasonable attorney's fees.

WHEREFORE, the Plaintiff demands judgment against the Defendant for damages, lost wages, loss of future wages, interest, costs, attorney's fees, and any other relief this Court may deem appropriate.

## COUNT II
## Wrongful Termination

Plaintiff incorporates by reference the allegations in paragraphs 1 through 19 as if fully set forth herein.

27. Defendant wrongfully terminated Plaintiff in violation of the ADA and applicable state laws.

28. Defendant terminated the Plaintiff because of the Plaintiff's disability.

29. As a result of the Defendant's wrongful actions, the Plaintiff suffered lost wages, loss of future wages, emotional distress, and out-of-pocket expenses.

30. Additionally, the Plaintiff has been required to hire the undersigned counsel and pay said counsel reasonable attorney's fees.

WHEREFORE, the Plaintiff demands judgment against the Defendant for damages, lost wages, loss of future wages, interest, costs, and attorney's fees.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

Dated this 13 day of October 2025.

                                    Light Path Law, P.A.
                                    *Counsel for Plaintiff*
                                    2069 First Street, First Floor
                                    Fort Myers, FL 33901
                                    Phone: (239) 689-8481
                                    Fax: (239) 294-3930
                                    mpurow@lightpathlaw.com
                                    ssilva@lightpathlaw.com

By: _____
                                    Malcolm A. Purow, Esq.
                                    Florida Bar No. 282790